# In the United States Court of Federal Claims

No. 10-589 T
(Filed: November 8, 2011)
TO BE PUBLISHED

| | |
|---|---|
| THE ESTATE OF MORTON LIFTIN, JOHN LIFTIN, EXECUTOR,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Motion for judgment on the pleadings pursuant to RCFC 12(c); estate tax return required within nine months of death pursuant to I.R.C. § 6075(a); late-filing penalty pursuant to I.R.C. § 6651(a); late-filing penalty excused if late filing is based on reasonable cause and not due to willful neglect; marital deduction pursuant to I.R.C. § 2056(a); U.S. citizen status of spouse before return filed pursuant to I.R.C. § 2056(d); late filing of return to allow spouse to become U.S. citizen and for estate to claim marital deduction pursuant to Treasury regulation § 20.2056A-1(b); reasonable cause based on reliance on expert advice; full disclosure to expert, reliance in good faith on advice, and no knowledge that return was due. |

Jonathan E. Strouse, Holland & Knight, LLP, Chicago, Ill., for plaintiff.

Paul G. Galindo, Trial Attorney, Mary M. Abate, Assistant Chief, Steven I. Frahm, Chief, Court of Federal Claims Section, Tax Division, John A. DiCicco, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE W. MILLER, Judge

The Estate of Morton Liftin ("Estate") filed a complaint on September 1, 2010 claiming it was entitled to a refund of late-filing and late-payment penalties assessed by the Internal Revenue Service ("I.R.S.") because the late filing of its tax return was reasonable and therefore excusable pursuant to Internal Revenue Code ("I.R.C.") § 6651(a) and the payment was timely[1] (docket entry 1). The Government has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Rules of the Court of Federal Claims ("RCFC"), arguing that the Estate's late filing was not excusable pursuant to § 6651(a) because it was not due to reasonable cause and

---

[1] The parties have primarily focused on the claim related to a late-filing penalty. The Court only briefly addresses the claim related to a late-payment penalty. *See infra* note 7.

was the result of willful neglect, and that the Estate was not assessed a penalty based on late payment. Br. in Supp. of U.S.'s Mot. for J. on Pleadings ("Def.'s Mot.") (docket entry 9, Jan. 14, 2011). For the reasons stated below, the Government's motion for judgment on the pleadings is **DENIED**. The Estate has made a sufficient showing that it may be able to prove that its failure to timely file was due to reasonable cause because it relied in good faith on expert advice concerning a substantive question of tax law and that its failure to timely file was not the result of willful neglect. It is not clear from the pleadings whether the penalty assessed was based solely on late filing, and thus defendant is not entitled to judgment on the pleadings based on this ground.

## I.    Background[2]

Morton Liftin ("Decedent") died on March 2, 2003, leaving an estate whose executor is Decedent's son, John Liftin ("Executor"). Second Am. Compl. ("Sec. Am. Compl.") ¶¶ 2, 5 (docket entry 14-1, Mar. 7, 2011). Pursuant to I.R.C. § 6075(a), the Estate was required to file a federal estate tax return (Form 706) by December 2, 2003, nine months after Decedent's death. *See* Sec. Am. Compl. ¶ 5. Decedent's will provided bequests to Decedent's surviving spouse, Anna G. Lavandez Liftin ("Mrs. Liftin"), who, at the time of Decedent's death, was a U.S. resident and citizen of Bolivia. *Id.* Ex. A, at 2 ¶ 1. In the months before the filing deadline, Mrs. Liftin consulted legal counsel concerning whether to apply for U.S. citizenship to allow the estate to take a marital deduction.[3] *Id.* Ex. A, at 3 ¶¶ 4–5.

On November 26, 2003, six days before the return and tax payment were due, the Estate requested a six-month extension of time to file its return and pay the taxes due. *Id.* Ex. A, at 2 ¶ 2. The I.R.S. subsequently granted the request, setting a new deadline of June 2, 2004. *Id.* ¶¶ 38, 40. On January 16, 2004, the Estate made a tax payment of $877,300.00, which the Estate estimated would be sufficient to satisfy the taxes due if it were unable to claim the marital deduction. *Id.* ¶ 39, Ex. A, at 4 ¶ 4. Around this time, Mrs. Liftin indicated to the Executor that she intended to apply for U.S. citizenship in order to allow the Estate to take advantage of the marital deduction. *Id.* Ex. A, at 3 ¶ 5).

After Mrs. Liftin informed the Executor of her plans to apply for U.S. citizenship, the Executor sought advice regarding whether the Estate could properly wait to file its tax return to claim the marital deduction. The Executor sought the advice of Mr. John D. Dadakis ("Mr.

---

[2] The background facts are not findings of fact by the Court, but are instead taken from the pleadings to determine whether the Estate has alleged sufficient facts to withstand defendant's motion for judgment on the pleadings. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

[3] The "marital deduction" allows "deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate." I.R.C. § 2056(a). A marital deduction is not allowed for property passing to a surviving spouse who is not a U.S. citizen, but is allowed if the surviving spouse becomes a U.S. citizen "before the day on which [the return] is made." *Id.* § 2056(d)(1), (4)(A).

Dadakis"), a partner at the law firm of Morrison & Foerster LLP with expertise in "private wealth services and estate and gift tax planning." Liftin Decl. ¶ 3 (docket entry 30-1, June 15, 2011). After analyzing Treasury regulation § 20.2056A-1(b),[4] Mr. Dadakis advised the Estate that it could file its return after the extended due date and preserve the Estate's full marital deduction.[5] Sec. Am. Compl. ¶ 27.

Mr. Dadakis further advised the Estate that filing late in order to claim the marital deduction for property passing to Decedent's spouse "would not trigger a penalty" as long as the return was filed within a "reasonable time" after Mrs. Liftin became a naturalized U.S. citizen and after the completion of related litigation against the Estate. Liftin Decl. ¶¶ 5, 8. On multiple occasions the Executor confirmed with Mr. Dadakis that the Estate's late-filed tax return "would not trigger a penalty" under these circumstances. *Id.* ¶ 5. The Executor found this advice to be reasonable, in part, because he had already paid more than the amount of tax estimated to be due. *Id.* The Executor also had "full knowledge . . . that Mrs. Liftin was pursuing naturalization," and he believed that it was in the "best interests of the [E]state and the beneficiaries" to file the Estate's tax return after the June 2, 2004 deadline. Sec. Am. Compl. ¶ 22. Accordingly, the Executor did not file the Estate's return by the extended deadline.

On October 4, 2004, the I.R.S. sent a letter to the Estate inquiring why it had not filed a tax return. *Id.* Ex. A, at 3 ¶ 6. In response, Mr. Dadakis wrote the I.R.S. on November 4, 2004, setting forth the Estate's position, as well as his rationale for concluding that Treasury regulation § 20.2056A-1(b) allowed a late filing in order to take advantage of the marital deduction. Dadakis Decl. ¶ 14 (docket entry 21-1, Apr. 14, 2011). Mr. Dadakis also informed the I.R.S. that the Estate would not file its return until the Estate could resolve all naturalization matters and ancillary settlement issues with Mrs. Liftin. Sec. Am. Compl. Ex. A, at 3 ¶ 6; Dadakis Decl. ¶ 17. It appears that neither the Estate nor Mr. Dadakis received a response from the I.R.S. *See* Sec. Am. Compl. ¶ 30.

---

[4] Treasury regulation § 20.2056A-1(b) states:

> For purposes of section 2056(d)(1) and paragraph (a) of this section, the surviving spouse is treated as a citizen of the United States at the date of the decedent's death if the requirements of section 2056(d)(4) are satisfied. For purposes of section 2056(d)(4)(A) and notwithstanding § 20.2056A-3(a), a return filed prior to the due date (including extensions) is considered filed on the last date that the return is required to be filed (including extensions), and a late return filed at any time after the due date is considered filed on the date that it is actually filed. A surviving spouse is a resident only if the spouse is a resident under chapter 11 of the Internal Revenue Code. *See* § 20.0-1(b)(1). The status of the spouse as a resident under section 7701(b) is not relevant to this determination except to the extent that the income tax residency of the spouse is pertinent in applying § 20.0-1(b)(1).

[5] Mr. Dadakis also concluded that if the Estate filed a return on or before the deadline of June 2, 2004, the Estate would not be allowed the benefit of the marital deduction because Mrs. Liftin would not yet be a U.S. citizen. Sec. Am. Compl. ¶ 28.

On August 3, 2005, approximately fourteen months after the extended deadline, Mrs. Liftin became a naturalized U.S. citizen. *Id.* ¶ 21.  In early 2006, Mrs. Liftin and the Estate entered into an agreement settling Mrs. Liftin's claims against the Estate. *Id.* ¶ 25.

On May 9, 2006, the Estate filed its tax return, reflecting a tax due of $678,572.25 and an overpayment of $198,727.75. *Id.*  On June 12, 2006, the I.R.S. issued a Notice of Adjustment reflecting a penalty of $169,643.06 for late filing and late payment, exactly 25 percent of the tax due.[6] *Id.* ¶ 26.

In 2006, the Estate filed a refund claim with the I.R.S., which the agency denied. Sec. Am. Compl. ¶¶ 43–44.  After an appeal, the I.R.S. granted a partial refund in the amount of $33,928.61, leaving a claim of $135,714.45. *Id.* ¶ 45.  On September 1, 2010, the Estate filed a complaint in this court seeking a refund of $135,714.45.

## II.    Standard of Review for Judgment on the Pleadings

RCFC 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  RCFC 12(c).  "[T]he same legal standard is applied to evaluate a Rule 12(c) motion for judgment on the pleadings as is applied for a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."  *Curtin v. United States*, 91 Fed. Cl. 683, 687 n.1 (2010).  "[E]ach of the well-pled allegations in the complaint[] is assumed to be correct, and the court must indulge all reasonable inferences in favor of the plaintiff[]."  *Atlas Corp. v. United States,* 895 F.2d 745, 749 (Fed. Cir. 1990).  The facts pleaded must "plausibly suggest[]" a showing of entitlement to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

When deciding a motion for judgment on the pleadings, the Court "may examine 'the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the

---

[6] While the maximum penalty is 25 percent for late filing and 25 percent for late payment, these respective penalties are based on different monthly rates.  With respect to late filing, I.R.C. § 6651(a)(1) provides that "there shall be added to the amount required to be shown as tax on such return *5 percent* of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate."  *Id.* (emphasis added).  A late-payment penalty is based on a *0.5 percent* monthly rate, not to exceed 25 percent in the aggregate.  I.R.C. § 6651(a)(2).

In addition to contesting the late-filing penalty, the Estate alleges that, because it had already made its estimated payment to the I.R.S. on January 16, 2004, before the I.R.S.'s new deadline for filing and payment, the Estate is entitled to a refund of any penalty based on late payment.  In response, defendant concedes that the payment was timely, but argues: "[I]t is clear that the penalty actually assessed—in the amount of $169,643.06—was for late filing only.  That is, the assessed penalty was the maximum 25 percent permitted under § 6651(a)(1) of the amount required to be shown as tax on the return—*i.e.*, the $678,572.25 shown as due on the return as filed."  Def.'s Mot. 6 n.2.

pleadings, whatever is central to the claim for relief or defense, and any facts of which the . . . court will take judicial notice.'" *Bd. of Cnty. Comm'rs of Bernalillo, N.M. v. United States*, 93 Fed. Cl. 228, 232 (2010) (quoting *Curtin*, 91 Fed. Cl. at 687) (alteration in original).

## III.    Discussion

Federal estate tax returns are required to be filed within nine months after the decedent's death, I.R.C. § 6075(a), and failure to do so may result in a penalty of up to a 25-percent addition to the tax owed. *Id.* § 6651(a). The taxpayer may avoid this penalty by bearing "the heavy burden" of proving that the failure to timely file a return was: (1) due to reasonable cause, and (2) did not result from willful neglect. *United States v. Boyle*, 469 U.S. 241, 245 (1985). Here, the Court concludes that the Estate has made a sufficient showing that it may be able to prove at trial that its failure to timely file was due to reasonable cause because it relied in good faith on expert advice concerning a substantive question of tax law, and that its failure to timely file was not the result of willful neglect. Accordingly, for the reasons set forth below, the Court **DENIES** the Government's motion for judgment on the pleadings.[7]

> A.    *The Estate May Be Able to Prove Facts Demonstrating that Its Failure to Timely File Was Due to Reasonable Cause*

To avoid a penalty for late filing, the taxpayer must first establish that the failure to timely file a tax return was due to reasonable cause, which requires a showing that the taxpayer "exercised 'ordinary business care and prudence' but nevertheless was 'unable to file the return within the prescribed time.'" *Id.* at 246 (quoting Treasury Reg. § 301.6651-1(c)(1) (1984)). Although relying on an expert for the ministerial task of filing a tax return does not constitute reasonable cause, relying on an expert's advice concerning substantive questions of tax law, "such as whether a liability exists" in the first instance, may constitute reasonable cause. *Id.* at 250.

Reasonable cause may exist when a taxpayer files a return after the due date, but does so in reliance on an expert's erroneous advice. *Estate of La Meres v. Comm'r*, 98 T.C. 294, 318 (1992) (holding that reliance on "erroneous expert advice as to the date that the law required the taxpayer to file" may constitute reasonable cause when the taxpayer makes full disclosure to the expert, relies in good faith on the expert's advice, and does not otherwise know the return is due).[8] In this case, the Estate alleges that Mr. Dadakis, on multiple occasions, advised it "in

---

[7] As noted earlier, the parties have mostly limited themselves to addressing the claim related to a late-filing penalty. With respect to the claim related to late payment, while defendant may ultimately prove that the penalty assessed was based solely on late filing, it is not clear from the pleadings whether plaintiff was assessed a penalty based on the timeliness of the payment, which defendant concedes was timely.

[8] In *La Meres*, the Tax Court analyzed three categories of cases where the taxpayer "claimed to have relied on an expert's advice concerning whether or when a return had to be filed as opposed to relying on the expert to file the return." 98 T.C. at 316. A late-filing taxpayer is assessed a penalty in the first two categories: (1) the taxpayer claims to have relied on an expert's advice but cannot prove such advice was provided or that it was reasonable for the taxpayer to rely on

substance" that late filing "in order to allow [Mrs. Liftin] to become a naturalized United States citizen and for other ancillary matters to be completed not only was permissible but would not trigger a penalty." Liftin Decl. ¶ 5. As a result, the Executor believed he had a "deadline" to file the return that was "within a reasonable time after Mrs. Liftin became a naturalized United States citizen and after all other ancillary matters were completed."[9] *Id.* ¶ 8. Thus, the Estate may be able to prove facts demonstrating that it made a full disclosure to Mr. Dadakis, relied in good faith on his advice regarding whether filing after Mrs. Liftin became a citizen would trigger a penalty, and the Estate did not otherwise know its return was due.[10]

The Estate did not have an obligation to "challenge [Mr. Dadakis], to seek a 'second opinion,' or to try to monitor counsel on the provisions of the Code" because doing so "would nullify the very purpose of seeking the advice of a presumed expert in the first place." *Boyle*, 469 U.S. at 251. The Estate sought Mr. Dadakis's advice "on more than one occasion" to confirm that filing the Estate's tax return "within a reasonable time after Mrs. Liftin became a naturalized U.S. citizen and after all other ancillary matters were completed" was the "deadline" under Treasury regulation § 20.2056A-1(b). Liftin Decl. ¶ 5; *see also* Sec. Am. Compl. ¶¶ 13, 33. Thus, it appears that the Estate may well be able to make a plausible case that it acted as a "prudent taxpayer" by "seek[ing] and rely[ing] on the advice of a tax expert" in an effort to qualify for the marital deduction and file within the appropriate deadline. *La Meres*, 98 T.C. at 324 (holding that an executor's reliance on an expert's erroneous advice that the executor could obtain a second six-month extension constituted reasonable cause for late filing); *Estate of*

---

the advice, and (2) the expert did not advise the taxpayer that no return is due, but did advise the taxpayer that no penalty would be incurred for a late filing because the taxpayer had no tax liability. *Id.* However, the penalty does not apply in the third category of cases, in which the taxpayer makes full disclosure to the expert, relies in good faith on the expert's advice, and does not otherwise know that the return is due. *Id.*

[9] In *Boyle*, the Supreme Court noted that it had not addressed the question whether a taxpayer had reasonable cause when "in reliance on the advice of his accountant or attorney, the taxpayer files a return after the actual due date but within the time the adviser erroneously told him was available." 469 U.S. at 251 n.9. The Estate's case poses that issue.

[10] The Court notes that RCFC 12(d) requires the Court to convert a motion to dismiss under RCFC 12(b)(6) or a motion for judgment on the pleadings under RCFC 12(c) into a motion for summary judgment under RCFC 56 and allow both sides to present evidence to the extent the Court considers matters outside the pleadings. RCFC 12(d). In denying Government's motion, the Court has quoted from the Liftin and Dadakis Declarations, which were not attached to the Second Amended Complaint, in describing the advice that Mr. Dadakis gave the Estate. The Court emphasizes that it need not rely on these declarations in denying Government's motion. Viewing the pleadings in the light most favorable to plaintiff and drawing inferences in plaintiff's favor, the factual allegations plausibly suggest that plaintiff will be entitled to relief. *See, e.g.*, Sec. Am. Compl. ¶ 33 ("Thus, in substance, the attorney provided a deadline to his client subsequent to the June 4, 2004 extended due date for filing Form 706, which deadline was satisfied by Plaintiff.").

*DiPalma v. Comm'r*, 71 T.C. 324, 327 (1978) (holding that an executor had reasonable cause for late filing when she relied on her attorney's advice that a pending dispute justified a delay in filing). Similarly, the Estate may be able to prove facts demonstrating that its failure to file timely was due to reasonable cause.

The Government argues that the Estate cannot contend that it relied on expert advice with respect to a late-filing penalty because the Dadakis Declaration indicates that Mr. Dadakis's advice concerned only the filing date of the Estate's return and the Estate's ability to claim the marital deduction, not whether there would be a late-filing penalty. Sur-Reply of U.S. 2 (docket entry 31, June 27, 2011). However, Mr. Liftin states that Mr. Dadakis "confirmed to [the Executor] on more than one occasion that the late-filed . . . tax return would not trigger a penalty." Liftin Decl. ¶ 5. *See Boyle*, 469 U.S. at 249 n.8 ("Whether the elements that constitute 'reasonable cause' are *present* in a given situation is a question of fact, but what elements *must* be present to constitute 'reasonable cause' is a question of law."). The scope of Mr. Dadakis's advice is a question of fact disputed by the parties and is therefore not appropriately resolved on a motion for judgment on the pleadings. *See Halliday v. United States*, 7 Cl. Ct. 315, 321 (1985) (holding that questions of fact are not properly decided on a motion for judgment on the pleadings).

The Government also argues that the Estate's delay in filing was not due to reasonable cause because it relied on its tax attorney's advice "as to matters of strategic timing." Def.'s Mot. 10. Defendant relies on *Estate of Campbell v. Comm'r*, 62 T.C.M. (CCH) 1514 (1991), in which the Tax Court held that a taxpayer's reliance on counsel's advice that her tax return must be "true, correct, and complete" did not constitute reasonable cause when she delayed filing until property owned by the estate could be appraised. However, in this case, Mr. Dadakis's advice concerned a substantive question of tax law regarding the time allowed by law for the Estate to file its return without penalty and qualify for a marital deduction. *See Boyle*, 469 U.S. at 253 n.9. Therefore, the Government's contention that Mr. Dadakis's advice concerned matters of strategic timing, which cannot constitute reasonable cause for a late filing, is not sufficient to demonstrate that the Government is entitled to judgment on the pleadings.

Finally, the Government argues that collateral litigation involving the Estate does not constitute reasonable cause for late filing because "[i]ncomplete information or estate-related litigation will not shield an estate from penalty." *Estate of Cederloff v. United States*, Civil Action No. DKC 08-2863, 2010 WL 3548901, at *4 (D. Md. Sept. 10, 2010). In *Cederloff*, however, the court held that the taxpayer's reliance on an expert's advice was not reasonable because there was "no allegation [that counsel] ever advised the Estate that the deadline did not apply or was somehow excused."[11] *Id.* at *5. Here, in contrast, the Estate alleges that Mr. Dadakis advised it that the extended deadline was not applicable under his interpretation of Treasury regulation § 20.2056A-1(b). Furthermore, the I.R.S. instructed the taxpayer in

---

[11] The *Cederloff* court acknowledged that, even though defending an estate against collateral litigation does not constitute reasonable cause, "[r]eliance upon the mistaken advice of a professional man, believed to be an expert, may be reasonable cause for delay in filing." 2010 WL 3548901, at *5 (quoting *Bryan v. Comm'r*, 281 F.2d 238, 244 (4th Cir. 1960)) (internal quotation marks omitted).

*Cederloff* "to file the Estate's tax return 'immediately.'" *Id.* at *1. Here, it appears that the Estate received no response from the I.R.S. after Mr. Dadakis's November 4, 2004 letter. Sec. Am. Compl. ¶ 30. Although the estate in *Cederloff* "should have anticipated that . . . penalties would result from such an untimely filing," *Cederloff*, 2010 WL 3548901, at *5, the Estate in this action cannot be said to have had the same expectation. The pleadings are entirely consistent with the Estate's claim that it relied on the advice of Mr. Dadakis that there would be no penalty for filing a late return.

The Government has not met its burden of demonstrating that the Estate would not be entitled to relief under the facts pleaded. On the contrary, the Estate could reasonably anticipate being able to prove facts showing that it had reasonable cause for its late filing when it relied in good faith on Mr. Dadakis's advice with respect to filing the Estate's tax return after the deadline in order for Mrs. Liftin to finalize her naturalization.

      B.       *The Estate May Be Able to Prove Facts Demonstrating that Its Failure to File Timely Did Not Result from Willful Neglect*

To avoid a penalty for late filing, the taxpayer must also prove that the late filing was not the result of willful neglect, or "conscious, intentional failure or reckless indifference." *Boyle*, 469 U.S. at 245. Conscious or intentional indifference exists "when the taxpayer was aware of his duty to file a return within the due date, but failed to file the return under circumstances that do not justify such failure." *Campbell*, 62 T.C.M. (CCH) 1514. Reckless indifference is established "when the taxpayer was aware of the duty to file on time, but disregarded a known or obvious risk that the return might not be filed within the due date." *Id.*

The Government argues that the Executor is "a prominent attorney and sophisticated businessman [who] should have known that the [E]state's failure to comply with the statutory filing deadline could lead to delinquency penalties." Reply Br. of U.S. in Supp. of Its Mot. for J. on Pleadings ("Def.'s Reply") 21 (docket entry 24, Apr. 15, 2011). However, whether the Executor should have known that the Estate's failure to timely file would result in a penalty is a question of fact that "may not be properly decided on a motion for judgment on the pleadings." *Halliday*, 7 Cl. Ct. at 321.

The Government also argues that the Executor "intentionally permitted the due date of [the E]state tax return to expire," Def.'s Reply 21, and chose "to wait for more desirable conditions" to file the tax return. Def.'s Mot. 20. Drawing all reasonable inferences in favor of the Estate, the pleaded facts suggest that the Executor sought Mr. Dadakis's advice on multiple occasions to confirm that filing the Estate's tax return "within a reasonable time after Mrs. Liftin became a naturalized U.S. citizen and after all other ancillary matters were completed" was the applicable "deadline" under Treasury regulation § 20.2056A-1(b). Liftin Decl. ¶ 8; *see also* Sec. Am. Compl. ¶¶ 13, 33. Accordingly, the Executor believed that he was complying with the law by "pa[ying] more than the amount of tax . . . estimated to be due" and then filing the Estate's tax return before the "deadline" as calculated by Mr. Dadakis. Liftin Decl. ¶ 5. Therefore, the Government has not demonstrated that under the facts pleaded it is entitled to judgment on the ground that the Estate acted with willful neglect.

**CONCLUSION**

The Government has failed to show that the Estate is entitled to no relief under the facts pleaded because the Estate has adequately alleged facts that, if proven, may well demonstrate that its failure to timely file was due to reasonable cause and was not the result of willful neglect. It is also not clear whether the penalty assessed was based solely on late filing.  Thus, the Court **DENIES** defendant's motion for judgment on the pleadings.  Pursuant to RCFC Appendix A, the parties are **ORDERED** to file a joint preliminary status report by **December 8, 2011** setting forth their position with respect to the nature and timing of further proceedings looking toward a resolution of plaintiff's case on the merits.

**IT IS SO ORDERED**.

 s/ George W. Miller
GEORGE W. MILLER
Judge